Filed 4/4/13  P. v. Zamora CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B242568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA121372) |
| v. | |
| ROY ALFONSO ZAMORA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirm.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant Roy Alfonso Zamora.

No appearance for Plaintiff and Respondent.

_____

Defendant Roy Alfonso Zamora appeals from the judgment entered after his no contest plea to attempted murder. His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On November 30, 2012, we directed appointed counsel to send the record and a copy of counsel's brief to defendant and notified defendant of his right to respond within 30 days. We received no response.

Defendant's notice of appeal states that it is based upon the sentence or other matters occurring after the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b)(4).) We have reviewed the whole record under *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon the sentence as that is the only matter that occurred after entry of the plea.

Defendant was originally charged with two counts: 1) premeditated attempted murder (Pen.Code, §§ 664, 187, subd. (a))[1] and 2) assault with a deadly weapon (§ 245, subd. (a)(1)). The information was later amended to include a third count of attempted murder. Use of a knife and infliction of great bodily injury (§§ 12022, subd. (b)(1), 12022.7, subd. (a) were alleged as to counts 1 and 3.

Defendant pled no contest to count 3, attempted murder, and admitted the enhancement allegations. Pursuant to a plea agreement, he was sentenced to 12 years in prison, consisting of a high term of nine years for the attempted murder, plus three years for the great bodily injury enhancement. The court stayed punishment on the weapon-use enhancement. The remaining charges were dismissed. Defendant was awarded 299 days of custody credit (260 days of actual credit and 39 days of conduct credit), and ordered to provide a DNA sample. The court imposed a restitution fine of $240 and an additional $240 suspended parole revocation fine. (§§ 1202.4, subd. (b), 1202.45). Additionally, the court assessed a $40 court security fee and a $30 criminal conviction assessment fee. (§ 1465.8, Gov. Code, § 70373.)

Having reviewed the record, we are satisfied that no arguable issues for appeal exist.

---

[1] All subsequent references are to the Penal Code unless otherwise indicated.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                         EPSTEIN, P. J.

We concur:


WILLHITE, J.


SUZUKAWA, J.